UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————————X

THE ANNUITY, PENSION, WELFARE AND TRAINING
FUNDS OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY THEIR TRUSTEES
EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN
CRONIN, DON DeNARDO, KENNETH KLEMENS, JR., JOHN
F. O'HARE, DENISE M. RICHARDSON and ERNESTO TERSIGNI,
and INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 14-14B, AFL-CIO, BY ITS BUSINESS MANAGER
EDWIN L. CHRISTIAN,

**COMPLAINT**

CV-16- 5074

Plaintiffs,

-against-

J.H. REID GENERAL CONTRACTOR,

Defendant.

——————————————————————————X

Plaintiffs THE ANNUITY, PENSION, WELFARE AND TRAINING FUNDS OF THE

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO

("LOCAL 14 TRUST FUNDS") and INTERNATIONAL UNION OF OPERATING

ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14"), by their attorneys, BRADY

McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1.     This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor

Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to compel

an audit of the Defendant's payroll records and to recover annuity, pension, welfare and training

contributions along with voluntary annuity (including political action committee), dues

assessment and defense fund payments owed to a labor organization based upon the breach of the terms and conditions of a collective bargaining agreement.

## JURISDICTION

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3.      Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 are both administered from offices located at 141-57 Northern Boulevard in Flushing, County of Queens, State of New York.

## THE PARTIES

4.      Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.

5.      EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, DON DeNARDO, KENNETH KLEMENS, JR., JOHN F. O'HARE, DENISE M. RICHARDSON and ERNESTO TERSIGNI are Trustees of Plaintiffs LOCAL 14 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7.     The LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

8.     Plaintiffs LOCAL 14 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9.     Plaintiff LOCAL 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 having its principal office for the transaction of business located at 141-57 Northern Boulevard, Flushing, New York.

10.    EDWIN L. CHRISTIAN is the Business Manager and chief executive officer of Plaintiff LOCAL 14.

11.    Upon information and belief, Defendant J.H. REID GENERAL CONTRACTOR ("J.H. REID") was and still is a New York corporation with its principal place of business at 3230 Hamilton Boulevard, South Plainfield, New Jersey.

12.    Upon information and belief, Defendant J.H. REID was and still is a foreign corporation duly licensed to do business in the State of New York.

13.    Upon information and belief, Defendant J.H. REID was and still is a foreign corporation doing business in the State of New York.

14.    Upon information and belief, Defendant J.H. REID is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

15.     At all times relevant hereto, Plaintiff LOCAL 14 and Defendant J.H. REID have been parties to a collective bargaining agreement and Defendant J.H. REID agreed to be bound to the terms and conditions thereof (hereafter referred to as the "Collective Bargaining Agreement").

16.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant J.H. REID is obligated to remit, at specified rates, annuity, pension, welfare and training contributions to Plaintiffs LOCAL 14 TRUST FUNDS based upon each regular and double time hour of worked performed by those employees covered by the Collective Bargaining Agreement.

17.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant J.H. REID is obligated to remit, at specified rates, employee allocated voluntary annuity (including political action committee), dues assessment and defense fund payments to Plaintiff LOCAL 14 based upon each straight and double time hour of work performed by those employees covered by the Collective Bargaining Agreement.

18.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant J.H. REID is obligated to make its books and records available to the designated representative of Plaintiffs in order to determine if the proper amount in annuity, pension, welfare and training contributions along with voluntary annuity (including political action committee), dues assessment and defense fund payments have been made to Plaintiffs as required by the Collective Bargaining Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
## (AUDIT DEMAND PURSUANT TO ERISA, TRUST
## AGREEMENTS & COLLECTIVE BARGAINING AGREEMENT)

19.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 18 inclusive with the same force and effect as though more fully set forth at length herein.

20.     Pursuant to the terms of the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, as explicitly referenced in the Collective Bargaining Agreement, along with ERISA, Plaintiffs are entitled to an audit of the books and records of Defendant J.H. REID.

21.     Section 209(a)(1) of ERISA, 29 U.S.C. § 1059(a)(1) together with applicable case law provides that employers are required to maintain records so that employee benefit plans may review them to determine whether contributions are due and employers, such as Defendant J.H. REID, have an affirmative duty to furnish to Plaintiffs the information needed for them to fulfill their duties.

22.     In pertinent part, the Collective Bargaining Agreement states:

> The parties further agree to be bound to all the agreements and declarations of trusts, amendments and regulations, thereto, referenced in the applicable Association Collective Bargaining Agreements and to remit all contributions as set forth under the applicable Association Collective Bargaining Agreements and all amendments, renewals and/or extensions thereto, as adopted by the aforesaid Association and the aforesaid Local Union or their designated trustees.

23.     In pertinent part, the Trust Agreements establishing each of Plaintiffs LOCAL 14 TRUST FUNDS provide that:

> The Trustees may call upon the Employers . . . to furnish to the Trustees such information and reports as they may require in the performance of their duties . . . The Trustees, or their authorized representatives, duly authorized in writing, shall have the right to audit, examine and make copies of all or any part of the books

and records of any Employer including but not limited to payroll books and records, cash books, ledgers, contracts, tax returns or reports, and any other book or record which the Trustees deem necessary or desirable in connection with the proper administration of this Trust.

24.     Upon information and belief, Defendant J.H. REID may have underreported the number of employees, the amount of employee hours and wages paid to its employees and therefore the annuity, pension, welfare and training contributions along with voluntary annuity (including political action committee), dues assessment and defense fund payments due to Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14, respectively.

25.     Although Plaintiffs formally requested the production of the books and records from Defendant J.H. REID in order to determine if the aforementioned annuity, pension, welfare and training contributions along with voluntary annuity (including political action committee), dues assessment and defense fund payments have been properly paid, to date, said Defendant has refused to produce the documents and schedule an audit.  Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14, therefore, demand an audit of the books and records of Defendant J.H. REID for the period of July 1, 2012 through August 31, 2016.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

26.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 25 inclusive with the same force and effect as though more fully set forth at length herein.

27.     Upon information and belief, Defendant J.H. REID has failed to provide the contractually required annuity, pension, welfare and training contributions along with voluntary

annuity (including political action committee), dues assessment and defense fund payments for the period of July 1, 2012 through August 31, 2016 in the approximate amount of $50,000.00.

28.     Upon information and belief, Defendant J.H. REID has failed to pay any portion of the outstanding amount owed in annuity, pension, welfare and training contributions to Plaintiffs LOCAL 14 TRUST FUNDS with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

29.     Upon information and belief, Defendant J.H. REID has failed to pay any portion of the outstanding amount owed in voluntary annuity (including political action committee), dues assessment and defense fund payments to Plaintiff LOCAL 14 with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

30.     Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant J.H. REID, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14, collectively, in the approximate amount of $50,000.00 with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

31.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 30 inclusive with the same force and effect as though more fully set forth at length herein.

32.     Upon information and belief, the failure of Defendant J.H. REID to make the required annuity, pension, welfare and training contributions to Plaintiffs LOCAL 14 TRUST

FUNDS for the period of July 1, 2012 through August 31, 2016 in the approximate amount of

$50,000.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that

employers pay fringe benefit contributions in accordance with the terms and conditions of the

applicable collective bargaining agreement.

33.     Upon information and belief, Defendant J.H. REID remains delinquent in

remitting the proper amount owed in annuity, pension, welfare and training contributions to

Plaintiffs LOCAL 14 TRUST FUNDS with the final amount owed to be confirmed after the

completion of the audit requested in the First Cause of Action.

34.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an

employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the

Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with

(b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff

Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at

26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditors' fees; and (f)

the costs and disbursements of the action.

35.     Accordingly, as a direct and proximate result of the breach of the Collective

Bargaining Agreement by Defendant J.H. REID and as a result thereof having violated Section

515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 14 TRUST

FUNDS in the amount of approximately $50,000.00 (with the final amount owed to be

confirmed after the completion of the audit requested in the First Cause of Action), together with

accumulated interest on the unpaid fringe benefit contributions, statutory damages, reasonable

attorneys' fees, auditors' fees along with the costs and disbursements, all incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE,** Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 demand judgment on the First Cause of Action as follows:

1.      An order requiring Defendant J.H. REID GENERAL CONTRACTOR to submit its books and records to Plaintiffs' designated representative for an audit in accordance with the applicable provisions of ERISA, the Trust Agreements establishing Plaintiffs Trust Funds and the Collective Bargaining Agreement for the period of July 1, 2012 through August 31, 2016.

**WHEREFORE,** Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 demand judgment on the Second Cause of Action as follows:

1.      Of Defendant J.H. REID GENERAL CONTRACTOR in the amount of annuity, pension, welfare and training contributions with interest, along with the required voluntary annuity (including political action committee), dues assessment and defense fund payments determined to be due and owing pursuant to the report issued subsequent to the completion of the audit demanded in the First Cause of Action.

**WHEREFORE,** Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the Third Cause of Action as follows:

1.      Of Defendant J.H. REID GENERAL CONTRACTOR in the amount of annuity, pension, welfare and training contributions with interest determined to be due and owing pursuant to the report issued subsequent to the completion of the audit demanded in the First Cause of Action, together with:

a.   Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b.   Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c.   Attorneys' fees, auditor's fees, and the costs and disbursements of this action in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d.   Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2) (E).

Dated: Tarrytown, New York
       September 13, 2016

                            Yours, etc.

                            BRADY McGUIRE & STEINBERG, P.C.

                    By:     James M. Steinberg (JS-3515)
                            Attorneys for Plaintiffs *I.U.O.E. Local 14 Trust Funds and I.U.O.E. Local 14*
                            303 South Broadway, Suite 234
                            Tarrytown, New York 10591
                            (914) 478-4293